CHEHARDY, Judge.
Plaintiff appeals from a judgment denying its claim for $7,500 arising out of a contract to appraise property. . The agreement entered into with the temporary liquidator for the defendant corporation retained plaintiff to make an appraisal of a 540-unit apartment complex at 1400 West Esplanade Avenue in Kenner, Louisiana, belonging to Urban Redevelopments, Inc. The contract also provided for interest and attorney fees.
On May 25,1977, Edwin C. Dorvin, Jr., in his capacity as 50% shareholder, petitioned the Twenty-fourth Judicial District Court to liquidate, dissolve and wind up the affairs of the corporation “under the supervision of the court pursuant to a plan of liquidation to be submitted to and approved by the court.”
Also on May 25, 1977, Dr. Dorvin was appointed “temporary liquidator” to serve as such pending a trial on the rule to show cause why he should not be appointed “judicial liquidator” of the corporation. On or about June 20, 1977, an “Answer and Response to the Rule to Show Cause” was filed which set forth special defenses and prayed for dismissal of the liquidation proceedings and dismissal of the temporary liquidator. On August 26, 1977, Dr. Dorvin signed the subject employment contract as “temporary liquidator,” without obtaining an order from the court specifically authorizing him to do so, nor was such contract subsequently approved by the court.
On September 21, 1977, the liquidation proceedings were dismissed with prejudice, and Dr. Dorvin was discharged as temporary liquidator. On September 23,1977, the appraisal report was delivered to Dr. Dor-vin and has never come into the possession of stockholders, directors or executive officers of Urban Redevelopments, Inc., nor did they authorize Dr. Dorvin to enter the contract or ratify his actions in regard to the contract.
Plaintiff filed suit' against defendant corporation on April 4, 1978, and on May 9, 1978 filed a supplemental and amending petition naming Dr. Edwin C. Dorvin, Jr., as a defendant and alleging personal liability of Dr. Dorvin in the alternative for having ordered the subject appraisal without obtaining the necessary authority from the Board of Directors of Urban Redevelopments, Inc.
On December 21, 1978, the court signed a judgment maintaining exceptions of no right and no cause of action filed by Dr. Dorvin.
*450 Plaintiff, in the agreement that forms the basis of this suit, was put on notice that Dr. Dorvin’s powers were those of a temporary liquidator. Having communicated his authority, upon entering into the contract with plaintiff, the temporary liquidator is not answerable to plaintiff for anything done beyond his authority unless he had entered into a personal guarantee. The record does not disclose any allegations of personal guarantees. See LSA-C.C. art. 3012.
The legislature has established a distinction between voluntary and involuntary liquidations and has established different procedural requirements for each. Regarding judicial dissolution proceedings, as was the case here, LSA-R.S. 12:146 states:
“A. Dissolution under supervision by the court is a summary proceeding.
“B. Each judicial liquidator confirmed or appointed as provided in R.S. 12:142(D), 142(E) or 143(E), after giving such bond as the court may require for the faithful .performance of his duties, shall proceed with the liquidation of the affairs of the corporation under the supervision of the court.
“C. A judicial liquidator in dissolution proceedings shall have full authority to retain counsel and auditors, and to prosecute and defend actions; shall have authority to compromise, compound and settle claims by or against the corporation upon such terms as he deems best, subject to supervision by the court; and shall have such other powers as the court may in its discretion grant, which, without limiting the scope of the court’s discretion, may include any or all powers enumerated in R.S. 12:145(C). A judicial liquidator shall have no power or right to have an inventory of the corporation’s assets made by a notary public.
“D. The court may enter such injunc-tive and other orders, ex parte or on such notice as the court may prescribe, as it may deem appropriate, except that the court shall not order or permit the making of an inventory of the corporation’s assets by a notary public.”
Plaintiff argues that the above statute grants all of the powers of LSA-R.S. 12:145 to a judicial liquidator unless the court specifically places limitations on his powers. They further contend that no such restrictions were placed on Dr. Dorvin’s powers because the court order of May 25, 1977 appointed him temporary liquidator of Urban Redevelopments, Inc., “with all of the duties and powers provided by law.” The plaintiff concludes, therefore, that under the present circumstances LSA-R.S. 12:145(C)(6) and (16) were powers granted to Dr. Dorvin. LSA-R.S. 12:145 states in pertinent part:
“C. Except as may otherwise be provided by the shareholders or incorpora-tors authorizing the dissolution, the liquidator shall be vested with full authority:
* * * * * >):
(6) To carry on temporarily the business of the corporation as a going concern, when it is necessary for the purpose of properly and economically liquidating the affairs of the corporation;
# * # # * $
(16) In general, to do any and all things which may be necessary, proper or convenient for the purpose of liquidating the corporation.”
Moreover, since LSA-R.S. 12:146 specifically grants the judicial liquidator the power to retain counsel and auditors without the court’s approval, plaintiff submits that Dr. Dorvin had two sources of authorization for his contract with their corporation.
We cannot agree. Rather we agree with the trial court judge’s analysis of the above-cited law, which was well articulated in his reasons for judgment:
“ * * * More specifically, the May 25, 1977 Court Order, which vested the Temporary Liquidator ‘with all of the duties and powers provided by law’, only gave the Temporary Liquidator those powers enumerated in Section 146, because it was a judicially-supervised dissolution.
“Section 146(C) seems, to make almost every type of action of the liquidator *451 under Court control because it says that the liquidator . . shall have such other powers as the court may in its discretion grant, which, without limiting the scope of the court’s discretion, may include any or all powers enumerated in R.S. 12:145(C) . . ’ (emphasis added).
“Since the foregoing language directs that a Court MAY include any or all powers enumerated in Section 145 (the section dealing with out of court dissolu-tions), since there is no such Court Order in the liquidation proceedings of Urban Redevelopments, Inc., and since there was no Court Order authorizing the Temporary Liquidator to enter into the contract with Waguespack, Dupree & Felts, Inc., then the Court feels that the Temporary Liquidator lacked the requisite legal authority to bind Urban Redevelopments, Inc., to such a contract. * * * ”
One may also note that LSA-R.S. 12:146(C) expressly prohibits the Liquidator from having an inventory of the corporate assets made by a notary public.
The doctrine of apparent authority is not applicable in this case. As explained in Lilliedahl & Mitchel v. Avoyelles Trust & Sav., 352 So.2d 781, 787 (La.App. 3d Cir. 1977):
“ * * * Apparent authority is a doctrine created by the courts to protect persons dealing in good faith with corporate officials where the corporation has taken such action or inaction as to justify a belief that the official has acted with authority. The doctrine has two requirements: (1) The principal must make some form of manifestation to an innocent third party; and (2) The third party must rely reasonably on the purported authority of the agent as a result of the principal’s manifestations. Krautkramer Ultrasonics, Inc. v. Port Allen Marine Services, Inc., 248 So.2d 336 (La.App. 4th Cir. 1971). The reasonableness of the reliance is determined from all the facts and circumstances of the case. Analab, Inc. v. Bank of the South, 271 So.2d 73 (La.App. 4th Cir. 1972).”
Dr. Dorvin’s signature as temporary liquidator should have alerted plaintiff to determine the limits of Dorvin’s authority. An investigation would have disclosed that a temporary liquidator did not have the authority to bind Urban Redevelopments, Inc.
For the reasons assigned herein the trial court’s judgment is affirmed.

AFFIRMED.